UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| United States of America : | |
| v. : | |
| : | Crim. No. 03-208(GK) |
| Charles E. Crawford, : | Civil No. 05-1723(GK) |
| : | **FILED** |
| Defendant. : | MAY 1 5 2007 |
| : | NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT |

### MEMORANDUM OPINION

This matter is currently before the Court on Defendant Charles Crawford's pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [#19] ("Defendant's § 2255 Motion").[1]  Defendant argues that his sentence, imposed by this Court on February 11, 2004, is illegal in light of the Supreme Court's ruling in United States v. Booker, 543 U.S. 220 (2005).

Based on the Motion, Opposition, and the entire record herein, and for the following reasons, Defendant's Motion is **denied**.

---

[1] The pertinent language from § 2255 reads,

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.



## I. BACKGROUND

On June 17, 2003, Defendant Charles Crawford pled guilty to one count of unlawful possession with intent to distribute cocaine base and one count of possession of a firearm and ammunition by a convicted felon. On February 11, 2004, this Court sentenced Defendant to 70 months of imprisonment and three years of supervised release under the then-mandatory United States Sentencing Guidelines ("Sentencing Guidelines"). Defendant's sentence was based, in part, on the Court's determination that he possessed a dangerous weapon while committing a drug offense.[2] The Court entered judgment on March 17, 2004, and Defendant did not appeal, so his conviction became final on March 31, 2004, ten business days after the entry of judgment.

On January 12, 2005, the United States Supreme Court held that the Sixth Amendment requires criminal defendants to admit, or juries to determine, all facts used to increase sentences beyond the maximum ranges set in the Sentencing Guidelines (other than prior convictions). Booker, 543 U.S. at 226-27. The ruling effectively made the Sentencing Guidelines advisory. Id. at 245.

On August 26, 2005, Defendant filed the instant § 2255 Motion, pro se, in which he argues that Booker applies retroactively to his case and requires this Court to resentence him. Def.'s § 2255

---

[2] Without the enhancement for possessing a weapon, Crawford would have been eligible for a sentence of 57-71 months under the Sentencing Guidelines.

Motion at 5, 10. The United States opposed Defendant's Motion on the grounds that it is barred by the statute of limitations.

## II.  ANALYSIS

The Court must first determine if Crawford's Motion was filed within § 2255's one-year statute of limitations. See United States v. Cicero, 214 F.3d 199, 202 (D.C. Cir. 2000). Because Crawford did not appeal this Court's judgment, the limitations period began running when his conviction became final on March 31, 2004. Crawford filed his § 2255 Motion on August 26, 2005, almost five months after the limitations period expired on March 31, 2005. 28 U.S.C. § 2255 ¶ 6(1).

Crawford argues that his Motion is timely under § 2255 ¶ 6(3) because, he maintains, Booker created a new constitutional rule of criminal procedure retroactively applicable on collateral review of his case.[3] Def.'s § 2255 Motion at 17-19. Crawford's pro se Motion can also be read to argue that Booker created a new substantive (as opposed to procedural) rule that applies retroactively. Id. The Court rejects both contentions.

Courts generally apply new substantive rules retroactively on collateral review. However, Booker did not create a new

---

[3] The provision Crawford relies on states that the limitations period shall run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255 ¶ 6(3).

substantive rule because its holding did not "narrow the scope of a criminal statute by interpreting its terms," "modif[y] the elements of an offense," or "place particular conduct or persons covered by [a criminal] statute beyond the State's power to punish." Schriro v. Summerlin, 542 U.S. 348, 353-354 (2004) (differentiating substantive rules from procedural rules); In re Fashina, 06-3002, 2007 U.S. App. LEXIS 11091, at *10 (D.C. Cir. May 11, 2007)(holding Booker created a procedural rule). Thus, the new rule announced in Booker is procedural. In re Fashina, 2007 U.S. App. LEXIS 11091, at *10.

New constitutional rules of criminal procedure only apply retroactively on collateral review when they place "primary, private individual conduct beyond the power of the criminal law-making authority to proscribe," or when they are "watershed rules" that bear on guilt or innocence and implicate fundamental fairness. Teague v. Lane, 489 U.S. 288, 311-12 (1989). Our Court of Appeals recently addressed whether Booker applies retroactively under Teague and joined every other circuit considering the issue in holding that it does not.[4] In re Fashina, 2007 U.S. App. LEXIS 11091, at *18 ("Booker announced neither a substantive rule nor a watershed rule of procedure and therefore is not retroactive"); see

---

[4] Our Court of Appeals had previously declined to apply Booker retroactively, but it had not done so based on Teague which controls the instant case. In re Zambrano, 433 F.3d 886, 888 (D.C. Cir. 2006).

4

also United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005) (rejecting retroactive application); Padilla v. United States, 416 F.3d 424, 427 (5th Cir. 2005)(same); Never Misses a Shot v. United States, 413 F.3d 781, 783 (8th Cir. 2005)(same); United States v. Bellamy, 411 F.3d 1182, 1187-88 (10th Cir. 2005); Lloyd v. United States, 407 F.3d 608, 615-16 (3d Cir. 2005); Guzman v. United States, 404 F.3d 139, 143-44 (2d Cir. 2005); Humphress v. United States, 398 F.3d 855, 860 (6th Cir. 2005); Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005). Thus, 28 U.S.C. § 2255 ¶ 6(3) does not apply to the instant case.

### III. CONCLUSION

Because Booker does not apply retroactively on collateral review, Crawford's Motion is untimely under § 2255 ¶ 6(1) and is, accordingly, **denied**.

_May 14, 2007_

_Gladys Kessler_
Gladys Kessler
U.S. District Judge

**Copies to: Attorneys of record via ECF**

5